UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANN ARNETT

VERSUS

JACKSON NATIONAL LIFE
INSURANCE COMPANY

CIVIL ACTION

NO. 10-420-BAJ-CN

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a motion for summary judgment (doc. 11) by the defendant, Jackson National Life Insurance Company. The plaintiff, Joann Arnett, has filed an opposition (doc. 12) to the motion summary judgment, and the defendant has filed a memorandum in reply (doc. 15). This Court has jurisdiction over the matter pursuant 28 U.S.C. § 1332, diversity of citizenship.

**I. BACKGROUND**

Jackson National Life Insurance Company ("JNL") issued a life insurance policy to Scott J. Arnett ("Mr. Arnett") on September 25, 1989 in the face amount of $100,000.[1] The policy included a "Supplementary Rider for Accidental Death Benefit" (an accidental death benefit provision), which provided for the payment of an additional $100,000 sum in the event that the insured died as a result of an accidental injury.[2] This accidental death benefit rider provides, in pertinent part:

---

[1] Notice of Removal, Attachment 1, Jackson National Life insurance policy (doc. 1).

[2] *Id.*

1

> This Rider is a part of the Policy to which it is attached. In the event of the death of the Insured the Company will pay to the Beneficiary, in addition to any other benefits paid, the amount shown on the policy specifications page. Such death must:
>
> (1) Occur while this Policy and Rider are in force;
> (2) Occur within 90 days from the date of an accidental injury;
> (3) Occur before the policy anniversary date on which the attained age of the Insured is sixty-five as computed according to the age basis stated in the Policy;
> (4) Result directly from accidental injury and independently of all other causes. There must be visible evidence of a contusion or wound on the exterior of the body. If the injury is internal, it must be visibly manifested on an autopsy except in the case of drowning.
>
> Such amount will be paid to be Beneficiary upon receipt of due proof of the accidental death of the Insured.[3]

Mr. Arnett died on or about June 9, 2009.[4] The Livingston Parish coroner conducted an examination of Mr. Arnett's body, and a death certificate was issued indicating that Mr. Arnett died as the result of an accident caused by a "drug-drug interaction."[5] No autopsy was performed on Mr. Arnett's body. Joann Arnett ("Ms. Arnett"), Mr. Arnett's widow and plaintiff in the present matter, is the beneficiary of the JNL insurance policy. Ms. Arnett made a claim for the payment of benefits

---

[3] Notice of Removal, Attachment 1 (doc. 1)

[4] Plaintiff's Opposition to Motion for Summary Judgment, p. 1 (doc. 12)

[5] Defendant's Motion for Summary Judgment, Exhibit "C," p.22 (doc. 11-3)

2

under the policy following Mr. Arnett's death. JNL issued to the funeral home, as an assignee of the policy, a payment in the amount of $8,067, and paid Ms. Arnett the remaining balance of policy's face amount, $91,933.[6] However, JNL denied Ms. Arnett's claim for payment of the accidental death benefit, due to Ms. Arnett's failure to submit evidence of an autopsy demonstrating that Mr. Arnett's death was caused by accidental internal injury.[7] Ms. Arnett filed suit against JNL in Louisiana state court, seeking enforcement the accidental death benefit provision. The lawsuit was removed to federal court pursuant to a notice of removal by JNL. (doc. 1)

## II.  SUMMARY JUDGMENT

The purpose of summary judgment is to pierce pleadings and to assess proof in order to determine whether there is a genuine need for trial. *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 788 (5th Cir. 1963). In considering a motion for summary judgment, the court must construe all pleadings liberally in favor of the party against whom the motion is made, and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists. *Dassinger v. South Central Bell Tel. Co.*, 505 F.2d 672, 674 (5th Cir. 1974). The party seeking summary judgment bears the burden of showing that there is no material fact in dispute, and every reasonable inference arising from the record must be resolved in favor of the

---

[6] Affidavit of Theresa Thompson (doc. 11-3)

[7] *Id.*

3

party opposing the motion. *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984). A fact is material if it might affect the outcome of the suit under the governing law. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). There is a genuine issue as to a material fact if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.*

### III. LAW AND ANALYSIS

JNL submits that summary judgment should be granted in its favor because Ms. Arnett has not satisfied her burden of proving that Mr. Arnett's death was caused by an accidental internal injury. Pursuant to the terms of the accidental death benefit rider, payment of the accidental death benefit is contingent on proof of an accidental death as manifested by "visible evidence of a contusion or wound on the exterior of the body" or "visibly manifested on an autopsy" in the case of internal injury.[8] JNL asserts that because Mr. Arnett died as a result of internal causes and no autopsy of the body was performed, the required showing for recovery under the accidental death benefit provision of the policy has not been made.

In opposition to JNL's motion for summary judgment, Ms. Arnett advances several arguments. Specifically, Ms. Arnett argues that: (1) the autopsy requirement is contrary to Louisiana law and public policy; (2) the autopsy

---

[8] Attachment 1 (doc. 1)

4

requirement is ambiguous and must be construed against JNL and in favor of coverage; and (3) JNL failed to follow the proper procedure for contesting the manner of death and for demanding an autopsy. The Court will address each of the plaintiff's contentions individually.

A.  **Autopsy requirement as contrary to law and public policy**

"An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054 (La. 5/22/07), 956 So.2d 583, 589. The insurance policy "constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship." *Peterson v. Schimek*, 98-1712 (La. 3/2/99), 729 So.2d 1024, 1028. "Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Louisiana Ins. Guar. Ass'n v. Interstate Fire and Cas. Co.*, 93-0911 (La. 1/14/94), 630 So.2d 759, 763. Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03), 848 So.2d 577, 580.

Louisiana Revised Statute § 22:975A provides that health and accident insurance policies must contain the specific provisions listed in the statute, or at the option of the insurer, provisions "which in the opinion of the commissioner of

5

insurance are not less favorable to the policyholder" than those listed in the statute. Ms. Arnett argues that the JNL policy, which requires a beneficiary to submit proof of the decedent's accidental internal injury "visibly manifested on an autopsy," contravenes § 22:975A(8) as being less favorable to the policyholder than the statutory language, because the policy places the burden or requirement to seek an autopsy on the beneficiary rather than on the insurer.[9]

The plaintiff cites the case of *Mut. Life Ins. Co. of New York v. Hess*, 161 F.2d 1 (5th Cir. 1947) in support of her position. The Court finds, however, that *Hess* does not support the position advanced by Ms. Arnett. *Hess* involved a suit by a widow for double indemnity benefits under her late husband's life insurance policy. The policy contained an autopsy provision, which stated: "The Company shall have the right and opportunity to examine the body and make an autopsy unless prohibited by law." Before the insurer was notified of the death, the body of the deceased was cremated as directed in his will. The plaintiff testified that she was unaware of any provision in the policy relating to an autopsy. The United States Court of Appeals for the Fifth Circuit stated, "[i]f this insurance was dependant on a clear condition, Mrs. Hess' ignorance of the condition and her innocence in

---

[9] § 22:975A(8) states:

> (8) Physical examinations: The insurer shall have the right and opportunity to examine the person of the insured when and as often as it may reasonably require during the pendency of a claim and to make an autopsy in case of death where it is not forbidden by law.

6

omitting performance of it would hardly change the contract under which she claims, unless there was a waiver or estoppel on the part of the Company." *Id.* at 3. Nevertheless, the Fifth Circuit found that "the quoted stipulation [the autopsy provision] is not made a condition of the insurance." *Id.* Such is not the case here. JNL's accidental death benefit rider expressly requires proof of an internal injury visibly manifested by an autopsy as a mandatory condition. Nothing in the *Hess* case indicates that the insurer, by law, could not have had made the autopsy a condition for recovery of the double indemnity benefits. Rather, the Fifth Circuit found that because the performance of an autopsy was not made a mandatory condition of the policy, the lack of an autopsy did not bar recovery in that case.

Moreover, the Court finds lacking in merit the plaintiff's argument that the JNL policy's autopsy provision is less favorable to the policyholder than § 22:975A(8). JNL has submitted proof that the accidental death benefit rider was approved by the commissioner of insurance,[10] and Ms. Arnett does not contend that the rider was not properly approved. The plaintiff has not cited any case, order, ruling or amendment subsequent to the insurance commissioner's approval of the rider indicating that there has been a revocation of the commissioner's approval, or otherwise rendering the approval invalid. The Court finds that § 22:975A(8) may

---

[10] JNL submits a copy of a letter dated June 17, 1985 from JNL addressed to the commissioner of insurance, asking for approval of the accidental death benefit rider. Attached to the letter is a copy of the rider with a initialed stamp from the commissioner of insurance dated June 24, 1985 stating "Form Approved." Defendant's Motion for Summary Judgment, Exhibit "B" (doc. 11-3)

7

be reasonably interpreted as conferring upon the insurer the right to conduct its own autopsy or examination, without conflicting with the policy's provision requiring the beneficiary to submit proof of an autopsy in the case of a death by internal injury.

Ms. Arnett further argues that the autopsy requirement in the JNL policy usurps the corner's authority to decide whether to perform an autopsy, as stated in La. R.S. § 13:5713 (B)(1).[11] The plaintiff submits that the Livingston Parish coroner, who examined Mr. Arnett's body, made the determination that no violation of a criminal statute caused Mr. Arnett's death. Therefore, it was left to the coroner's discretion whether to perform an autopsy, and the coroner elected not to do so. According to the plaintiff, the provision of the JNL policy requiring an autopsy eliminates the coroner's statutory authority to exercise such discretion. In reply to Ms. Arnett's argument, JNL contends that §32:1563(B)(1) does not relieve Ms. Arnett of her obligation pursuant to the policy to submit proof of an autopsy to show that Mr. Arnett died an accidental death caused by internal injury.

"It is the plaintiff's burden to prove by a preponderance of the evidence that an accident was the predominate cause of death to recover under the policy." *Hebert v. Hughes Tool Co.*, 539 So.2d 789, 792 (La.App. 3 Cir. 1989), citing *Estate*

---

[11] R.S. § 33:1563, as cited in the parties' briefs, was redesignated as § 13:5713 by La. Act 2011, No. 248 § 3. The substance of the statute remains unchanged. La. R.S. § 13:5713 (B)(1) provides:

> The coroner may perform or cause to be performed by a competent physician an autopsy in any case in his discretion. The coroner shall perform or cause to be performed by a competent physician an autopsy in the case of any death where there is a reasonable probability that the violation of a criminal statute has contributed to the death.

8

of *Lohan v. Mutual of Omaha Insurance*, 469 So.2d 365 (La.App. 2d Cir. 1985). See also *Caruso v. Colonial Penn Life Ins. Co.*, 1993 WL 70248 (E.D. La.). A person suing on a contract, including an insurance contract, must allege and prove every fact necessary to show that he or she falls within the terms of the contract. *Odom v. Security Industrial Ins. Co.*, 94-0433 (La.App 1 Cir. 12/22/94), 649 So.2d 37, 39. "It is not until the beneficiary has met this burden that the burden of proof shifts to the insurer, at which time the insurer must show by a preponderance of the evidence that it is not liable by reason of some special defense or an exclusionary clause in the policy." *Id*.

The relevant jurisprudence unambiguously holds that the initial burden is placed on Ms. Arnett to show that Mr. Arnett's death was covered under the terms of the JNL policy. That policy clearly requires that in order to claim the additional benefits for an accidental death when the cause is internal injury, the beneficiary must present proof of an autopsy. The failure to have an autopsy performed means that Ms. Arnett has not met her burden of proof with respect to the insurance contract. The Court is unpersuaded by the plaintiff's argument relative to §32:1563(B)(1). Ms. Arnett does not demonstrate that the statute in any way prevented her from requesting that an autopsy be performed, and it does not undermine the authority of the coroner for a beneficiary to request an autopsy in order to comply with the terms of an insurance contract.

The plaintiff also parenthetically states that the autopsy requirement is

9

contrary to the public policy of the State of Louisiana, without specifying which public policies or concerns are violated by the JNL insurance policy. The Court need not address the argument in depth, but notes that other courts which have examined this issue have found that an insurance policy which requires an autopsy does not violate public policy. See, e.g., *Phillips v. Home Security Life Ins. Co.*, 632 F.2d 1302 (5th Cir. 1980).

## B. The ambiguity of the autopsy requirement

Ms. Arnett contends that the JNL policy's autopsy provision is ambiguous in that it contains no time limitations for the performance of an autopsy. The plaintiff shows that her counsel sent a letter to JNL's counsel offering to exhume the body of the deceased for the performance of an autopsy to satisfy the requirements of the accidental death benefit rider.[12]

Words and phrases used in a policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047. The Court agrees with the plaintiff's contention that the policy does not specify a time limitation for the performance of an autopsy. A plain reading of the language contained in the accidental death benefit rider reveals as much. In response the plaintiff's argument, the defendant merely states that the policy is not ambiguous and repeats its assertion that the

---

[12] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Exhibit "A" (doc. 12-1)

10

policy has been approved by the commissioner of insurance. The Court agrees that the policy is not ambiguous with respect to time limitation for the performance of an autopsy. Rather, it is that the policy simply imposes no time limitation at all. Therefore, the Court finds that the policy does not bar Ms. Arnett from now seeking to having the autopsy performed in order to satisfy the policy's requirements.

### C.  JNL's failure to follow proper procedure in requesting autopsy

Ms. Arnett argues, pursuant to La. R.S. § 13:5713, that in order to challenge the cause of death as stated the death certificate, JNL was required request a contradictory hearing in the 21st District Court for the Parish of Livingston, the parish of Mr. Arnett's death.[13] The plaintiff submits that the defendant did not request such a hearing. Although Ms. Arnett leaves unstated in her brief the alleged consequence of JNL's failure to request a hearing, the plaintiff apparently suggests that the medical conclusion reached in Mr. Arnett's death certificate (death as the result of an accidental drug-drug interaction) should be acceptable proof for the fulfillment of the terms of the JNL policy, absent a challenge brought by the insurer.

The Court finds that the death certificate cannot substitute for the policy's

---

[13] § 13:5713E(3) (formerly § 33:1563) provides:

> The cause of death, and the manner or mode in which the death occurred, as incorporated in the death certificate as provided in the Vital Statistics Laws, R.S. 40:32 et seq., filed with the division of vital records of the Department of Health and Hospitals, shall be the legally accepted cause of death, unless the court of the parish in which the death occurred, after a hearing, directs otherwise.

11

requirement that the beneficiary submit proof of an autopsy. As JNL notes in its reply to the plaintiff's memorandum, under Louisiana law, "the coroner's certificate of death is competent proof only of death itself and is not admissible for the purpose of proving the cause of death." *Odom*, supra, at 39, citing *Ray v. Federated Guar. Life Ins. Co.*, 381 So.2d 847, 848 (La.App. 1st Cir. 1980); *Franklin v. Old Colony Insurance Co.*, 150 So.2d 892, 895 (La.App. 4th Cir.) writ denied, 244 La. 472, 152 So.2d 564 (1963); *Bailey v. State*, 623 So.2d 704, 706 (La.App. 4th Cir. 1993). Therefore, the death certificate cannot be considered proof of the ultimate issue in dispute between the parties – whether Mr. Arnett died as the result of an accidental internal injury. Pursuant to the clear terms of the insurance policy, this fact must be proven by an autopsy, and the Court has ruled that the autopsy requirement is not contrary to law or public policy.[14]

## IV. ORDER

Accordingly, for the reasons stated herein, the motion for summary judgment (doc. 11) by the defendant, Jackson National Life Insurance Company, is **GRANTED**.

Baton Rouge, Louisiana, January 31, 2012.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[14] The plaintiff additionally submits that JNL's argument concerning the autopsy requirement is merely a "ruse to avoid payment of benefits." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 9 (doc. 12) The plaintiff's argument is invalidated by the Court's ruling on the legal issues presented.